IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, ET AL., | CIVIL NO. 15-00441 DKW-RLP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DKSL, LLC dba PARAMOUNT BUILDERS |
| vs. | |
| DKSL, LLC dba PARAMOUNT BUILDERS, ET AL., | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DKSL, LLC dba PARAMOUNT BUILDERS[1]

Plaintiffs filed their Motion for Default Judgment Against Defendant DKSL, LLC dba Paramount Builders on December 29, 2014 ("Motion").  ECF No. 13.  Defendant was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion.  See ECF No. 13-6.  The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 15.  After careful consideration of the Motion, the declaration, exhibits, and the record established in this action, the Court FINDS AND

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

RECOMMENDS that the Motion be GRANTED.

BACKGROUND

Plaintiffs filed their Complaint against Defendant on October 23, 2015.  ECF No. 1.  The Complaint alleges that Defendant entered into a collective bargaining agreement agreeing to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant's covered employees. Compl. ¶¶ 6-9.  Contributions were to be paid on or before due dates specified in the collective bargaining agreement.  Id. ¶ 7. Under the collective bargaining agreement, Defendant also agreed to submit reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's payroll records so that Plaintiffs could ascertain whether all contributions had been paid.  Id. ¶ 8.  Plaintiffs claim that Defendant breached the collective bargaining agreement by failing to submit monthly reports for the hours worked by its covered employees and failing to allow Plaintiffs to complete an audit of Defendant's records for the months of January 2013 through September 2015.  Id. ¶¶ 13-14.  Plaintiffs claim they are entitled to an order directing Defendant to submit the required reports and to allow an audit pursuant to the terms of the collective bargaining agreement and attorneys' fees.  Id. at 8-9. The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on December 14,

2

2015.   ECF No. 12.   The present Motion followed.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

     (1)  the possibility of prejudice to the plaintiff;

     (2)  the merits of plaintiff's substantive claim;

     (3)  the sufficiency of the complaint;

     (4)  the sum of money at stake in the action;

     (5)  the possibility of a dispute concerning material facts;

     (6)  whether the default was due to excusable neglect; and

     (7)  the strong policy underlying the Federal

3

Rules of Civil Procedure favoring
decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

A.   Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  First, the Court has subject

4

matter jurisdiction over Plaintiffs' claims related to unpaid contributions pursuant to the Employment Retirement Income Security Act of 1974, as amended.  See 29 U.S.C. §§ 1132(e), 1145.  Second, the Court has personal jurisdiction over Defendant.  Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction.  Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)).  Here, Plaintiffs assert that service was made on Defendant through its president and agent, Daniel Kim, on October 31, 2015.  ECF No. 11.  This service is sufficient under 29 U.S.C. § 1132(e)(2).

### B.  Eitel Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.  The Court will address each factor in turn.

### 1.  The Possibility of Prejudice to Plaintiffs

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

## 2.   Merits of Plaintiffs' Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, Plaintiffs brought this action against Defendant for its failure to submit the required monthly reports and allow an audit.  See ECF No. 1 ¶¶ 13-14.  The terms of the collective bargaining agreement require Defendant to submit reports regarding the hours worked by Defendant's covered employees and to permit audits and allow inspections of Defendant's records so that Plaintiffs could ascertain whether all contributions have been paid.  Id. ¶¶ 6-8.  Defendant employed workers covered by the collective bargaining agreement and those workers performed work for Defendant when the collective bargaining agreement was in effect.  Id. ¶ 12. Defendant failed to submit monthly reports for the hours worked by its covered employees and failed to allow Plaintiffs to audit Defendant's records for the months of January 2013 through September 2015.  Id. ¶¶ 13-14.  The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that Plaintiffs are entitled to judgment against Defendant. Accordingly, this factor weighs in favor of default judgment.

## 3.   Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled

and supported by the documents filed with the Motion.  The Court

finds that the sufficiency of the Complaint weighs in favor of

default judgment.

      **4.   Sum of Money at Stake**

      The Court "must consider the amount of money at stake

in relation to the seriousness of Defendant's conduct." <u>PepsiCo,</u>

<u>Inc.</u>, 238 F. Supp. 2d at 1177 (citing <u>Eitel</u>, 782 F.2d at 1472).

Here, Plaintiffs do not seek a sum certain, but instead request

that the Court order Defendant to allow an audit as required by

the collective bargaining agreement.  <u>See</u> ECF No. 1; ECF No. 13-1

at 7.  Additionally, Plaintiffs seek attorney's fees and costs,

which are allowed under the terms of the collective bargaining

agreement.  ECF No. 13-1 at 9.  Plaintiffs' damages request is

tailored to Defendant's specific wrongful conduct in failing to

abide by the terms of the collective bargaining agreement.  The

Court finds that this factor weighs in favor default judgment.

      **5.   Possibility of Dispute Concerning Material Facts**

      As noted above, the well-pled factual allegations of

the complaint, except those relating to the amount of damages,

will be taken as true.  <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18.

Defendant has been given a fair amount of time to answer the

Complaint and deny that it failed to pay the contributions;

Defendant has not done so.  Because no dispute has been raised

regarding Plaintiffs' material factual allegations, the Court

finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs served Defendant on October 31, 2015. ECF No. 11. Defendant did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion on December 29, 2015. ECF No. 13-6. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before

8

this Court impracticable.  This factor does not preclude the
Court from entering default judgment against Defendant.

### 8.    Totality of __Eitel__ Factors

The Court finds that the totality of the factors weigh
in favor of entering default judgment in Plaintiffs' favor and
against Defendant.

### C.    Relief Requested

Plaintiffs seek (1) an order allowing them to audit
Defendant's records and (2) an award of attorney's fees.  See ECF
No. 13-1 at 7-10.

First, under the collective bargaining agreement,
Defendant agreed to permit audits and allow inspections of
Defendant's payroll records so that Plaintiffs could ascertain
whether all contributions had been paid.  ECF No. 1 ¶ 8.  The
Court finds that Plaintiffs are entitled to an order directing
Defendant to allow Plaintiffs to audit Defendant's payroll
records for the period of January 2013 through September 2015
pursuant to the terms of the collective bargaining agreement.

Second, under the collective bargaining agreement,
Defendant promised to pay all costs and reasonable attorney's
fees if a legal action became necessary to enforce the provisions
of the collective bargaining agreement.  Id. ¶ 15.  Reasonable
attorneys' fees are generally based on the traditional "lodestar"
calculation, which multiplies (1) the number of hours reasonably

expended by (2) a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

Here, Plaintiffs request $846.27 for attorneys' fees and costs already incurred.  Decl. of Jeffrey P. Miller submitted in support of Mot. ("Miller Decl."), ECF No. 13-2, ¶ 9; ECF No. 13-5.  The fees requested represent 2.85 hours of work performed by Jeffery Miller, Esq., at a rate of $250 per hour.  ECF No. 13-5.  Mr. Miller was admitted to the bar in 1988.  Miller Decl. ¶ 11.  The Court finds that the hours requested for fees already incurred and Mr. Miller's requested hourly rate are reasonable. Based on the invoices submitted with the Motion, the Court also finds that Plaintiffs are entitled to an award for the $100.19 in costs reasonably incurred in this action.  See ECF No. 13-5. Plaintiffs also request $785.34 for anticipated attorneys' fees and taxes for 3.0 hours for drafting the Motion and preparing the order and judgment.  ECF No. 13-2 ¶ 9.  Based on the Miller Declaration, the Court finds that 2.5 hours of attorneys' fees for finalizing and filing the present Motion are reasonable.  See id. ¶ 9.  However, anticipated attorneys' fees for preparing an order are not necessary considering there was no opposition to

10

the Motion and the Court prepared the present order.  See id.
Accordingly, the Court finds that Plaintiffs are entitled to
$654.45[2] in anticipated attorney's fees and taxes.  In total, the
Court finds that Plaintiffs are entitled to an award of $1,500.72
in attorney's fees and costs.

CONCLUSION

In accordance with the foregoing, the Court FINDS and
RECOMMENDS that Plaintiffs' Motion be GRANTED as follows:

(1)  Default judgment be entered in Plaintiffs' favor
and against Defendant;

(2) Plaintiffs are entitled to an order directing
Defendant to allow Plaintiff to audit Defendant's payroll books
and records for the period of January 2013 through September 2015
pursuant to the terms of the collective bargaining agreement;

(3) Plaintiffs are entitled to an award of $1,500.72 in
attorney's fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, FEBRUARY 2, 2016.

Richard L. Puglisi
United States Magistrate Judge

**HAWAII CARPENTERS TRUST FUNDS, ET AL. v. DKSL, LLC dba PARAMOUNT
BUILDERS, ET AL.; CIVIL NO. 15-00441 DKW-RLP; FINDINGS AND
RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT
JUDGMENT AGAINST DKSL, LLC dba PARAMOUNT BUILDERS**

---

[2] 2.5 hours x $250.00 per hour = $625.00 in fees + $29.45 in
general excise tax = $654.45.